People v Carter (2025 NY Slip Op 02657)

People v Carter

2025 NY Slip Op 02657

Decided on May 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 01, 2025

Before: Moulton, J.P., Friedman, Kapnick, Shulman, O'Neill Levy, JJ. 

Ind No. 70291/23|Appeal No. 4261|Case No. 2023-03331|

[*1]The People of the State of New York, Respondent,
v
Harold Carter, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Samuel Steinbock-Pratt of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jacobs C. Marcus of counsel), for respondent.

Order, Supreme Court, New York County (Ellen Biben, J.), entered on or about June 12, 2023, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court correctly assessed 20 points under the risk factor for relationship with the victim because the People established, by clear and convincing evidence, that defendant, who was 36 years old, established a relationship with the 14-year-old victim for the purpose of victimization (see People v Krahmalni, 170 AD3d 444, 444 [1st Dept 2019]). The evidence showed that defendant met the victim at a friend's house, exchanged contact information with her under the guise of being trustworthy as a former youth counselor, and, within two months of their initial meeting, the conversations became sexual in nature. Defendant then proposed that they meet again in person, at which time he and the victim engaged in sexual intercourse. Defendant repeated these acts twice more, when the victim was 15 years old. "[T]here is no possible innocent explanation for defendant's attempt to get to know the victim," particularly in light of the relatively short time between their initial meeting and their first sexual encounter (Krahmalni, 170 AD3d at 444).
The court providently exercised its discretion in declining to grant a downward departure from defendant's presumptive risk level (see People v Gillotti, 23 NY3d 841, 861 [2014]). The mitigating factors cited by defendant were adequately taken into account by the risk assessment instrument (see People v McNeill, 220 AD3d 518, 518 [1st Dept 2023], lv denied 41 NY3d 903 [2024]; People v Watson, 112 AD3d 501, 503 [1st Dept 2013], lv denied 22 NY3d 863 [2014]), and were outweighed by the seriousness of the underlying sex offense (see People v Barcliff, 165 AD3d 533, 534 [1st Dept 2018], lv denied 32 NY3d 917 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 1, 2025